REQUESTED BY: Dear Senator Murphy:
You ask our opinion as to the constitutionality of legislation supposedly implementing Article VIII, section 12 of the Nebraska Constitution, dealing with the acquiring and redeveloping by a city or village of substandard or blighted property. Part of the legislation you inquire about is found in LB 158, passed by the Legislature last year, and part is found in LB 986, which is now pending.
With respect to the provisions in LB 158, we must call your attention to the letter of this office to the Clerk of the Legislature, dated December 28, 1972, and found in Volume 1, page 36 of the 1973 Legislative Journal. We enclose a copy of that letter herein. In that letter we said that we could not give an opinion to a senator on the constitutionality of or interpretation of a bill which has already become law. This policy precludes our commenting on the provisions of LB 158, which provisions are now found in sections 18-2101.01 through 18-2153, R.S.Supp., 1979.
LB 986 would amend the third sentence of section18-2101.01, R.S.Supp., 1979 to read as follows, with the amendatory language underlined:
 ". . . Any such city or village is also granted power and authority to do all community development activities, and to do all things necessary to cooperate with the federal government in all matters relating to community development program activities as a grantee, or as an agent or otherwise, under the provisions of the federal Housing and Community Development Act of 1974, Public Law 93-383, 93rd Congress or any such subsequent or similar legislation. . . ."
The question immediately arises as to whether this constitutes delegation of legislative authority to Congress, since it may be construed to grant to Congress the authority to enlarge or alter the powers of cities and villages by federal legislation. It is clear that the Legislature may adopt by reference the provisions of a federal act in force at the time of the passage of the state act. Smithbergerv. Banning, 129 Neb. 651, 262 N.W. 1 (1935) makes it clear that to make the provisions of a state statute dependent upon federal legislation to be passed in the future constitutes an unlawful delegation of legislative power to Congress.
While it is, perhaps, not perfectly clear that the amendatory language was intended to alter the powers of cities and villages upon the amendment of federal laws, it is at least susceptible of that interpretation, and for that reason is, in our opinion, highly suspect.
Section 2 of the bill would amend section18-2103(12)(b), R.S.Supp., 1979 to add to the improvements authorized for a redevelopment project the following: public spaces, parking facilities, pedestrian shopping malls or plazas, sidewalks or moving sidewalks, convention and civic centers, bus stop shelters, lighting, benches, or other similar furniture, trash receptacles, shelters, skywalks and pedestrian and vehicular overpasses and underpasses, and other useful and necessary public improvements.
As a constitutional matter, the only question is whether these would be public purposes. We believe they are. We are not sure precisely what is intended by shopping malls and plazas or convention and civic centers, but we assume that they would be public facilities, and would not involve the municipalities' getting into private commercial activities. So far as parking facilities are concerned, the Nebraska Supreme Court has held that the operation of parking facilities is a public purpose. See Omaha Parking Authorityv. City of Omaha, 163 Neb. 97, 77 N.W.2d 862
(1956).
Section 3 of the bill would amend section 18-2107, R.S.Supp., 1979 to authorize a community development authority to establish a revolving loan fund. However, we find no other reference in the bill to this fund, and we have no way of knowing to what use the fund is to be put. If it were to be used to make loans to private individuals, such use might constitute lending the credit of the state in aid of individuals, associations, or corporations, in violation of ArticleXIII, section 3 of the Nebraska Constitution. Not knowing, however, what use the fund is to be put to, we cannot comment further. The mere establishing of a fund would not appear to involve a constitutional question.